**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 16-20495-CR-MOORE**

**UNITED STATES OF AMERICA**

**vs.**

**MARK MESSENGER,**

      **Defendant.**
_____/

**PLEA AGREEMENT**

The Office of the United States Attorney for the Southern District of Florida (hereinafter this "Office") and MARK MESSENGER (hereinafter referred to as the "defendant") enter into the following agreement:

1.    The defendant agrees to plead guilty to count one (1) of the Information which charges the defendant with conspiracy ~~to defraud the United States and pay~~ health care kickbacks in violation of Title 18, United States Code, Section 371.

2.    The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The parties agree that the fact that the defendant is

agreeing to the forfeiture discussed in more detail in paragraphs 12 and 13 is not a proper basis for a variance or a departure from the sentencing guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3.      The defendant understands that as to Count one (1) the Court may impose a sentence of up to five (5) years imprisonment, followed by a term of supervised release of up to three (3) years and a fine of up to $250,000.

4.      The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant.  The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5.      This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.  Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

2

6.      This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility.  If, at the time of sentencing, the Defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government and the Court to allocate their resources efficiently.

However, this Office will not be required to make these recommendations if the Defendant: (a) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (b) is found to have misrepresented facts to the government prior to entering this plea agreement; or (c) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making a false statement or misrepresentation to any governmental entity or official.

7.      The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

a. Base Offense Level- the parties agree that the appropriate base offense level is Eight (8) under USSG 2B4.1.

b. <u>Role in the Offense-</u> The parties agree that the defendant should receive a three (3) point aggravating role USSG 3B1.1.

c. <u>Amount of improper benefit conferred-</u> the parties agree that the improper benefit conferred is between 3,500,000 and 9,000,000 which results in an increase of eighteen (18) levels under USSG 2B4.1.

8.      The defendant is aware that the sentence has not yet been determined by the Court. The  defendant also is aware that any estimate of  the  probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.  The defendant understands and acknowledges that he may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

9.      In the event that for any reason the Defendant does not plead guilty or otherwise fully comply with the any of the provisions of this agreement, the Defendant agrees and understands that he thereby waives any protection afforded by Section 1B1.8(a) of the United States Sentencing Guidelines, ~~as well as any protection afforded by Rule 11(c)(6) of the Federal~~



~~Rules of Criminal Procedure.~~  The Defendant further understands that in the event that for any reason he decides not to plead guilty, any statements made previously by the defendant under this

agreement or under a previously executed *Kastigar* letter or as part of any plea discussions or as part of the facts contained in the plea agreement itself will be fully admissible against him in any civil or criminal proceedings, notwithstanding any prior agreement with the government.

10.     This Office and the defendant stipulate to and agree not to contest the following facts, and stipulate that such facts, in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure, provide a sufficient factual basis for the plea of guilty in this case:

TRICARE is a health care insurance program of the United States Department of Defense. TRICARE provides civilian health benefits for military personnel, military retirees, and military dependents all around the world.  TRICARE was a Federal Health Care Benefit Program as defined by Title 18, United States Code, Section 24(a) and as such it was illegal for an individual to pay kickbacks to a person for the referral of an individual for the furnishing of some health care item, benefit or service. Company 1 was a corporation organized under the laws of the State of Florida that recruited and paid doctors to prescribe compounded medications for TRICARE and private commercial insurance beneficiaries. Company 2 was a corporation organized under the laws of the State of Florida. Company 2 was a pharmacy located in the Southern District of Florida that purportedly provided pharmaceutical drugs and compounded medications to TRICARE and private commercial insurance beneficiaries.   Individual 1 was the owner of Company 1.

If this case had gone to trial, the government would have proved beyond a reasonable doubt that the defendant, a podiatrist licensed by the State of Georgia, received kickbacks in return for writing prescriptions for compounded medications that were ultimately paid for by TRICARE. The government would have proved that the owners of Company 1 approached him and told the defendant that he would pay him if he wrote scripts and sent them to Company 1. Individual 1 told the defendant that he could either pay him by pretending that he was a speaker on behalf of Company 1 or he could pay another person to be his "representative."  It was understood that these representatives would not be doing any work for Company 1, they were simply being used to conceal the fact that the defendant was receiving compensation for writing prescriptions for compounded medication.   Individual 1 told the defendant that he would be receiving 20 percent of each of what Company 1 received for the prescriptions that he wrote. Individual 1 also offered to pay the defendant if he could recruit other doctors to participate in this scheme.   In addition to the payments made to the defendant's representative, the defendant also received a few payments directly from Company 1. In addition to these payments, Individual 1 paid for a trip to Hawaii for the defendant. The defendant personally wrote prescriptions which caused TRICARE to make payments to Company 1 in the approximate amount of $1,869,134.

The defendant recruited at least four other doctors to participate in this conspiracy. One of these Doctors was Dr. Arlon Jahnke, an orthopedist licensed by the State of Georgia who had an office in Augusta, Georgia. The defendant told Dr. Jahnke that he knew of a company that was involved in the compounding business who would pay Dr. Jahnke if he would write prescriptions

for this company. The defendant told him that he could get someone to stand in as a representative to receive the money.  The defendant then introduced Jahnke to the owners of Company 1. Jahnke's representative ultimately received $86,900 from Company 1 and Jahnke ultimately wrote prescriptions which led TRICARE to pay Company 2, $1,404,134.  In total the defendant and the doctors he recruited caused TRICARE to make payments to Company 1 in the approximate amount of $4,469,753.  The government would have proved that the defendant's representatives received at least $121,700 in return for the defendant writing prescriptions for compounded medications which were filled by Company 2. *The Government would have proved that the above facts occured between April of 2014 and June of 2015* [handwritten]

Company 1 and PGRX are both located in the Southern District of Florida.

11.   The defendant agrees that he shall cooperate fully with the Office by: (a) providing

truthful and complete information and testimony, and producing documents, records and other

evidence, when called upon by the Office, whether in interviews, before a grand jury, or at any trial

or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other

judicial proceedings, and at meetings, as may be required by the Office; and (c) if requested by the

Office, working in an undercover role under the supervision of, and in compliance with the

instructions of, law enforcement officers and agents.  In addition, the defendant agrees that the

defendant will not protect any person or entity through false information or omission, that the

defendant will not falsely implicate any person or entity, and that the defendant will not commit

any further crimes.  The Office reserves the right to evaluate the nature and extent of the

defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the

time of sentencing.  If, in the sole and unreviewable judgment of the Office, the defendant's

cooperation is of such quality and significance to the investigation or prosecution of any criminal

matter as to warrant the Court's downward departure from the advisory range calculated under the

Sentencing Guidelines, the Office may make a motion prior to sentencing pursuant to Section

5K1.1 of the Sentencing Guidelines, or subsequent to sentencing pursuant to Rule 35 of the

Federal Rules of Criminal Procedure, informing the Court that the defendant has provided

substantial assistance, and recommending that the defendant's sentence be reduced.   The

defendant understands and agrees, however, that nothing in this Agreement requires the Office to

file any such motion, and that the Office's assessment of the quality and significance of the

defendant's cooperation shall be binding as it relates to the appropriateness of the Office's filing or

not filing a motion to reduce the defendant's sentence.   The defendant understands and

acknowledges that the Court is under no obligation to grant a motion for reduction of sentence

filed by the Office, or to otherwise reduce the defendant's sentence on account of any cooperation

by the defendant.

     12.    <u>Forfeiture</u>.   The defendant also agrees to forfeit to the United States voluntarily

and immediately all property which is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(7),

including but not limited to:

     a)     The contents of ETrade brokerage account number 69519980;

     b)     Approximately $39,856 from E-Trade brokerage account number 36599440; and

     c)     Approximately $11,781.56 from SunTrust account number 1000158908276.

     In addition, the defendant further agrees to entry of a forfeiture money judgment against

him in an amount of $2,300,000 pursuant to Title 18, United States Code, Section 982(a)(7).   In

satisfaction of the money judgment, the defendant agrees to pay via an official cashier's check

payable to the United States Marshals Service, delivered to this Office on or before 21 calendar

days prior to the sentencing of the defendant.

     In the event the defendant does not satisfy the money judgment as described above, the

defendant agrees to assist the United States in all proceedings, whether administrative or judicial,

involving the forfeiture to the United States of any of his property, real or personal, to satisfy the

money judgment.   The defendant also agrees to assist the United States in all proceedings

involving the forfeiture of any substitute property that may be used to satisfy the forfeiture money judgment. Such assistance requires the following, among other things:

(a)    The defendant shall complete a Financial Statement, which shall be provided by the United States herewith, within thirty days of the Court's acceptance of the defendant's guilty plea;

(b)    The defendant shall agree to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture as a substitute property; and;

(c)    The defendant shall assist in the transfer of such substitute property by delivery to the United States, upon the United States' request, of all necessary and appropriate documentation with respect to such property, including consents to forfeiture, quit claim deeds, and any and all other documents necessary to deliver good and marketable title to such property.

The defendant knowingly and voluntarily agrees to waive any claim or defense the defendant may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited assets. The defendant agrees to waive any applicable time limits for the initiation of administrative forfeiture or further notification of any judicial or administrative forfeiture proceedings brought against said assets or to any other asset not exceeding the value of the agreed-upon forfeiture money judgment. The defendant agrees to waive any appeal regarding forfeiture.

13.    Restitution. This Office intends to apply the forfeited assets to offset restitution, to that end, the Office will obtain approval from the Asset Forfeiture and Money Laundering Section of the Department of Justice to apply forfeited property to offset the restitution ordered in this case.

8

14.     The defendant is aware that Title 18, United States Code, Section 3742 affords him the right to appeal the sentence imposed in this case.   Acknowledging this, the defendant thereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the Court establishes at sentencing.   The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b).   However, if the government appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney.   The defendant further agrees, together with this Office, to request that the district Court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

15.     The Defendant agrees that he has consulted with his attorney and fully understands all rights with respect to the Information.   Further, the Defendant agrees that he has been advised concerning and fully understands all rights with respect to the provisions of the Sentencing Guidelines which may apply in this case.   The Defendant, by his signature affixed below, attests that he has read this agreement and voluntarily agrees to be bound by every term and condition set forth herein.

16.     Defense counsel, by his signature affixed below, attests that he has fully explained to the Defendant his rights with respect to the pending Information, that he has reviewed with the Defendant the provisions of the Sentencing Guidelines and has explained to the Defendant the

9

provisions which may apply in this case, and that he has carefully reviewed every part of this plea agreement with the Defendant.

17.     This is the entire agreement and understanding between this Office and the defendant.   There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 7/11/16                         By_____
                                          DANIEL BERNSTEIN
                                          ASSISTANT UNITED STATES ATTORNEY

Date: 7/11/16                         By: _____
                                          ANTHONY VITALE
                                          ATTORNEY FOR DEFENDANT

Date: 7/11/16                         By _____
                                          MARK MESSENGER
                                          DEFENDANT